J-S28042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN A. HOLDER, SR. | |
| Appellant | No. 2013 MDA 2014 |

Appeal from the PCRA Order November 6, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004275-1998

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 15, 2015**

Glenn A. Holder, Sr., appeals from the order of the Court of Common Pleas of York County dismissing his fifth petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On May 24, 1999, Holder was sentenced to an aggregate term of 31½ to 63 years' imprisonment after he was convicted of rape, involuntary deviate sexual intercourse, indecent assault, and related charges.  His judgment of sentence was affirmed by this Court on September 22, 2000 and he did not seek allowance of appeal with the Supreme Court.

Between January 2001 and July 2012, Holder filed four PCRA petitions, all of which resulted in dismissals that were affirmed by this Court.  Holder filed the instant petition, his fifth, on October 3, 2014.  The PCRA court dismissed the petition as untimely by order dated November 6, 2014 and

this timely appeal followed, in which Holder raises the following claim, *verbatim*: Did the lower court err in denial as untimely petitioner[']s properly invoked newly after discovered evidence which supports his actual innocence claim? Brief of Appellant, at 3.

We begin by noting that our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). We will not disturb findings that are supported by the record. **Id.** Moreover, our Supreme Court has stated:

> [I]n reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong prima facie showing is demonstrated that a miscarriage of justice occurred. An appellant makes such a prima facie case only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes charged.

**Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citations and quotation omitted).

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the petitioner's judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, three exceptions to the time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1).

Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include: (1) interference by government officials in the presentation of the claim; (2) after-discovered facts or evidence; and (3) an after-recognized constitutional right. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). However, a PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.***; ***see also*** 42 Pa.C.S.A. § 9545(b)(2). A petitioner fails to satisfy the 60-day requirement of section 9545(b) if he fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier. ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation omitted). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Here, Holder's judgment of sentence became final on October 22, 2000, when his time to file a petition for allowance of appeal to the Pennsylvania Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thereafter, Holder had one year, or until October 22, 2001, in which to file a PCRA petition. Holder filed the instant petition on or about October 3, 2014, nearly fourteen years after his judgment of sentence became final. As such, his petition is untimely unless he pleads and proves one of the exceptions to the time bar under section 9545(b).

In his most recent petition, Holder claimed that he was entitled to relief based upon the "after-discovered evidence" exception to the PCRA time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Holder asserted that, on September 9, 2014, he received an affidavit from an individual named Anna M. Servino, a manager at Holder's former employer, in which Servino stated that Holder was at work at the times he was alleged to have committed his crimes. Holder asserts that the facts contained in Servino's affidavit were not available at the time of his trial and, had they been, the outcome of the trial would have been different. Holder claims that he filed his PCRA petition within 60 days as required by 42 Pa.C.S.A. § 9545(b)(1)(ii). Thus, he alleges that the PCRA court erred in denying him relief in the form of an evidentiary hearing or a new trial.

The Commonwealth counters that Holder advised his trial counsel of his work schedule and also had, by his own admission in his brief, "raised this issue within every petition and every opportunity h[e] has had[.]" Brief of Appellant, at 9. Accordingly, the Commonwealth argues that the affidavit does not fall within the after-discovered evidence exception because Holder is merely presenting previously known facts from a new source. We agree.

The timeliness exception under section 9545(b)(1)(ii) requires Holder to allege and prove that there were **facts** that were **unknown** to him and that he could not have earlier ascertained those facts by the exercise of due diligence. *Marshall*, 947 A.2d at 720. "The focus of the exception is on the

newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." *Id.* (citation and quotations omitted) (emphasis in original).

Here, the "fact" allegedly "discovered" through Severino's affidavit was that Holder was at work at the time the alleged crimes were committed. However, Holder has been claiming this all along, and he acknowledges that he: (1) informed trial counsel of his work schedule during the relevant period; (2) obtained and presented a copy of his work record at a previous PCRA hearing; and (3) raised the issue at every opportunity he has had. Brief of Appellant, at 8-9. Accordingly, the "facts" contained in Severino's affidavit were not "unknown" to Holder prior to September 9, 2014.

In light of the foregoing, we can discern no basis upon which to conclude that the PCRA court erred in dismissing Holder's petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2015